# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GESTION PROCHE, INC. | § § | |
| v. | § § | Civil Action No. 4:16-CV-00407 |
| DIALIGHT CORPORATION | § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Dialight Corporation's ("Dialight") Motion for Judgment on the Pleadings and to Dismiss the Complaint with Prejudice (Dkt. #10). After considering the relevant motion and responses, the Court denies Defendant's motion.

## BACKGROUND

On June 16, 2016, Gestion Proche, Inc. ("Gestion") filed its complaint against Dialight, alleging patent infringement of U.S. Patent No. 7,557,524 (the "'524 Patent"). On October 10, 2016, Dialight filed the present motion for judgment on the pleadings (Dkt. #10). On November 11, 2016, Gestion filed a response (Dkt. #14). On December 5, 2016, Dialight filed a reply (Dkt. #17).

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Winter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific

task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570)

## ANALYSIS

Dialight moves for judgment on the pleadings for non-infringement of the '524 Patent. Dialight makes two arguments in its motion. First, Dialight argues that the preamble phrase "[a]n illumination lighting device" is a limitation of Claim 1. Because of this limitation, Dialight further argues that its High Bay lighting control system is not an "illumination lighting device." Second, Dialight argues the patent claims, specification, and file history all show that the claimed "illumination lighting device" is a "sign, display, or light fixture" rather than an entire network or system like the accused High Bay lighting product. The Court will analyze each argument separately.

To address Dialight's first argument, the Court must determine whether the language of the preamble has any limiting effect on the claimed invention. Generally, "a preamble is not limiting 'where a patentee defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention.'" *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (quoting *Rowe v. Dorr*, 112 F.3d 473, 478 (Fed. Cir. 1997)). "No litmus test defines when a preamble limits claim scope." *Id.* at 808. Instead, "[w]hether to treat a preamble as a claim limitation is determined on the facts of each case in light of the claim as a whole and the invention described in the patent." *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 831 (Fed. Cir. 2003).

Various cases discussing the preamble's effect on claim scope have established three general situations where language in the preamble may have limiting effect. First, "[w]hen limitations in the body of the claim rely upon and derive antecedent basis from the preamble, then the preamble may act as a necessary component of the claimed invention." *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1339 (Fed. Cir. 2003). Second, a preamble limits the claimed invention if it "recites essential structure or steps, or if it is 'necessary to give life, meaning, and vitality' to the claim." *Catalina Mktg.*, 289 F.3d at 808 (citation omitted). Finally, preamble language is limiting if there is "'clear reliance on the preamble during prosecution to distinguish the prior art.'" *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1295 (Fed. Cir. 2004) (quoting *Catalina Mktg.*, 289 F.3d at 808).

Dialight contends the preamble provides antecedent basis and breathes life and meaning into the claim. In relevant part, Claim 1 recites:

> An *illumination lighting device* comprising:
>
> a plurality of illumination groups, each of said illumination groups containing one or more light emitting diodes and being configured for passing between an energized light emitting state and a non-energized state, and
>
> control means for maintaining the luminosity of the *lighting device* at a desired level, said luminosity being controlled by, at predetermined time intervals, transferring an appropriate number of illumination groups between said energized light emitting state and said non-energized state,
>
> whereby
>
> said transfer is effected in response to a luminosity reading and/or a usage time measurement, and
>
> *said lighting device* comprises at least one of usage time measuring means for providing a usage time measurement for each of said illumination groups at predetermined time intervals.

4

'524 Patent at 23:20–37 (emphasis added). The Court is not convinced the preamble phrase "illumination lighting device" is a limitation of Claim 1. The phrase neither defines the invention nor is essential to understand the limitations in the claim body. Although "lighting device" first appears in the preamble, the claim term also appears in the claim body, which can provide antecedent basis. The body of Claim 1 defines a structurally complete invention. Deletion of the preamble does not affect the definition or operation of the claimed invention. Rather than providing antecedent basis, the preamble serves "only to state a purpose or intended use for the invention." *Rowe v. Dror*, 112 F.3d 473, 478 (Fed. Cir. 1997).

In terms of whether the "illumination lighting device" should be construed as a sign, display, or light fixture," the Court will not engage in claim construction at this stage. The Federal Circuit has addressed what role, if any, claim construction should play as part of a court's consideration of a motion to dismiss. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1343 n. 13. In *Bill of Lading*, the Federal Circuit noted that when a district court considers the plausibility of the facts alleged in a complaint, it should not "base[] its assessment of the 'reasonableness' of a given inference of infringement on a narrow construction of the patent's claims." *Id.* The Federal Circuit further noted that it would be inappropriate for a district court to engage in "claim construction at the pleading stage—with no claim construction processes undertaken." Instead, a district court should afford claims their broadest possible construction. *Id.* To engage in the claim construction process upon review of a motion to dismiss would be to go beyond the scope of a court's traditional gatekeeping role in reviewing such a motion. Accordingly, the Court refuses to construe this key term without the benefit of full briefing, in compliance with the established procedures for claim construction, from both sides.

After reviewing the Gestion's complaint, the motion to dismiss, and other relevant pleadings, the Court determines that Gestion has sufficiently pleaded to withstand Dialight's motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that is Dialight Corporation's Motion for Judgment on the Pleadings and to Dismiss the Complaint with Prejudice (Dkt. #10) is **DENIED**.

**SIGNED this 1st day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE